**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| | | | | | |
|---|---|---|---|---|---|
| 0 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 1 | Lien Avoidance |

**Last revised: December 1, 2017**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:                                                  Case No.:        __17-17567__

Vanessa Paramita                                        Judge:           __CMG__

             Debtor(s)

              1st Modified
## Chapter 13 Plan and Motions

☐ Original          ☒ Modified/Notice Required          Date: __05/21/2018__

☐ Motions Included  ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☒ DOES ☐ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: __/s/WHO__    Initial Debtor: __/s/VP__    Initial Co-Debtor: _____

**Part 1:   Payment and Length of Plan**

a. The debtor shall pay $ _____500.00_____ per _____month_____ to the Chapter 13 Trustee, starting on _____June 1, 2018_____ for approximately _____23_____ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

  ☒   Future earnings

  ☐   Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

  ☒  Sale of real property
  Description: 19 Nicole Court Freehold NJ
  Proposed date for completion: __November 30, 2018__

  ☐  Refinance of real property:
  Description:
  Proposed date for completion: _____

  ☐  Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion: _____

d.  ☐  The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e.  ☐  Other information that may be important relating to the payment and length of plan:

**Part 2:    Adequate Protection** ☐ **NONE**

a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $ ___2,900.00___ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____Nationstar_____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ |
| DOMESTIC SUPPORT OBLIGATION | | |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:   Secured Claims**

a. **Curing Default and Maintaining Payments on Principal Residence:** ☐ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Nationstar - 1st mortgage | 19 Nicole Court Freehold | Unknown | $0 | arrears may be paid pending loan modification | see adequate protection payment section 2b of the chapter 13 plan |

b. **Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☒ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

c. **Secured claims excluded from 11 U.S.C. 506:** ☒ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☒ **NONE**

The following secured claims are unaffected by the Plan:

| g. Secured Claims to be Paid in Full Through the Plan: ☒ NONE | | |
|---|---|---|
| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|  |  |  |

### Part 5: Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☒ Not less than $ _____0_____ to be distributed *pro rata*

☐ Not less than _____ percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

### Part 6: Executory Contracts and Unexpired Leases ☒ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:    Motions ☐ NONE**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).   ☐ NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| Lomurro Davidson Eastman & Munoz PA Atty: Lomurro Davison Eastman Et Al | Real Estate | Judgement Lien | $18,861.09 | $665,600.00 | $16,191.82 | $650,000.00 | total amount of the lien (lien balance is currently approx $15,508.06) |

b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.  ☒ NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.**  ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

## Part 8:    Other Plan Provisions

**a. Vesting of Property of the Estate**

☒  Upon confirmation

☐  Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Other Administrative Claims - William H. Oliver
3) Secured Claim
4) Priority Claims; 5) General unsecured claims

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9:    Modification** ☐ **NONE**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: _____04/27/2017_____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| Debtor is selling property located at 19 Nicole Court, Freehold, NJ.<br>Debtor is now selling 1966 Dodge Coronet through auction or broker. | section 1(c) added sale of property located at 19 Nicole Court, Freehold, NJ.<br>section 10 added sale of 1966 Dodge Coronet through auction or broker. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

**Part 10:    Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☐ NONE

☒ Explain here:

Debtor owns 1/2 interest in 1966 Dodge Coronet, debtor proposes to sell vehicle by broker or by auction.

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: 05/21/2018        /s/ William H. Oliver, Jr.
                        Attorney for the Debtor

Date: 05/21/2018        /s/Vanessa Paramita
                        Debtor

Date: _____    _____
                        Joint Debtor

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date: 05/21/2018                                                             /s/ William H. Oliver, Jr.
                                                                              Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: 05/21/2018                                                             /s/Vanessa Paramita
                                                                              Debtor

Date: _____                                                  _____
                                                                              Joint Debtor

United States Bankruptcy Court
District of New Jersey

In re:                                                                  Case No. 17-17567-CMG
Vanessa Paramita                                                        Chapter 13
       Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3          User: admin              Page 1 of 2           Date Rcvd: May 21, 2018
                              Form ID: pdf901          Total Noticed: 25

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 23, 2018.
db             +Vanessa Paramita,    19 Nicole Court,    Freehold, NJ 07728-9543
intp           +Arthur Slaght,    c/o Maurice Giro, Esq.,    90 Main Street,    Suite 102,
                 Hackensack, NJ 07601-7129
intp           +Monmouth County Sheriff's Office,    Monmouth County Counsel's Office,
                 Hall of Records, Room 236,    One East Main Street,    Freehold, NJ  07728,
                 UNITED STATES 07728-2278
lm            ++NATIONSTAR MORTGAGE LLC,    PO BOX 619096,    DALLAS TX 75261-9096
               (address filed with court:   NATIONSTAR MORTGAGE,    350 Highland Drive,    Lweisville, Tx   75067)
cr             +Nationstar Mortgage LLC,    Stern, Lavinthal & Frankenberg,    105 Eisenhower Parkway,
                 Suite 302,    Roseland, NJ 07068-1640
517047235       CACH, LLC its successors and assigns as assignee,    of FIA Card Services, N.A.,
                 Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
516784935      +Deutsche Bank National Trust Company,    Robertson, Anschutz & Schneid P.L.,
                 6409 Congress Avenue, Suite 100,    Boca Raton, FL 33487-2853
516944823      +Deutsche Bank National Trust Company,    Nationstar Mortgage LLC,    Attn: Bankruptcy Dept,
                 PO Box 619094,    Dallas, TX 75261-9094
516767241      +Fernando Iamurri,    289 Stuyvesant Ave,    Lyndhurst, NJ 07071-1842
516767243      +Lomurro, Davison, Eastman & Munoz,    Monmouth Executive Center,    100 Willowbrook Rd., Bldg 1,
                 Freehold, NJ 07728-5920
516767245      +Milstead & Associates,    1 E. Stow Road,    Marlton, NJ 08053-3118
516767246      +Nationstar Mortgage LLC,    8950 Cypress Waters Blvd,    Coppell, TX 75019-4620
516991805     ++STATE OF NEW JERSEY,    DIVISION OF TAXATION BANKRUPTCY UNIT,    PO BOX 245,
                 TRENTON NJ 08646-0245
               (address filed with court:   State of New Jersey,    Department of Treasury,
                 Division of Taxation,    PO Box 245,    Trenton, NJ 08695-0245)
516767248       State of  New Jersey,    Department of Treasury,    P. O. Box 002,    Trenton, NJ 08625-0002
516767249      +Trojan Professional,    4410 Cerritos Ave,    Los Alamitos, CA 90720-2549
516767250      +Visa Dept Store National Bank/Macy's,    Attn: Bankruptcy,    Po Box 8053,    Mason, OH 45040-8053

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov May 21 2018 23:58:08     U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov May 21 2018 23:58:04     United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,   Suite 2100,
                 Newark, NJ 07102-5235
516767239      +E-mail/Text: bankruptcy@cavps.com May 21 2018 23:58:22     Calvary Portfolio Services,
                 500 Summit Lake Ste 400,    Valhalla, NY 10595-2322
516767240      +E-mail/PDF: creditonebknotifications@resurgent.com May 22 2018 00:03:03     Credit One Bank Na,
                 Po Box 98873,    Las Vegas, NV 89193-8873
516767242       E-mail/Text: cio.bncmail@irs.gov May 21 2018 23:57:45     Internal Revenue Service,
                 Special Procedures,    Bankruptcy Section,    P.O. Box 724,    Springfield, NJ 07081
516922149       E-mail/PDF: resurgentbknotifications@resurgent.com May 22 2018 00:09:09
                 LVNV Funding, LLC its successors and assigns as,    assignee of FNBM, LLC,
                 Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
516767244      +E-mail/Text: M74banko@daimler.com May 21 2018 23:58:54     Mercedes-Benz Financial,
                 Po Box 685,    Roanole, TX 76262-0685
516767247       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 22 2018 00:03:38
                 Portfolio Recovery,    Po Box 41067,    Norfolk, VA 23541
517054262       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 22 2018 00:03:38
                 Portfolio Recovery Associates, LLC,    c/o Mbna,    POB 41067,    Norfolk VA 23541
                                                                                              TOTAL: 9

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
516767237       Arthur Slaght
cr*            +Arthur Slaght,    c/o Maurice Giro, Esq.,    90 Main Street,    Suite 102,
                 Hackensack, NJ 07601-7129
516767238    ##+Bank Of America,    Nc4-105-03-14,    Po Box 26012,    Greensboro, NC 27420-6012
                                                                                               TOTALS: 1, * 1, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.   Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

```
District/off: 0312-3          User: admin              Page 2 of 2              Date Rcvd: May 21, 2018
                              Form ID: pdf901          Total Noticed: 25
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 23, 2018                                           Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 21, 2018 at the address(es) listed below:
              Albert    Russo    docs@russotrustee.com
              Denise E. Carlon    on behalf of Creditor    Deutsche Bank National Trust Company, as Trustee for
               GSAA Home Equity Trust 2007-6 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-6
               dcarlon@kmllawgroup.com,    bkgroup@kmllawgroup.com
              Jeanette F. Frankenberg    on behalf of Creditor    Nationstar Mortgage LLC cmecf@sternlav.com
              Kevin M. Buttery    on behalf of Creditor    Deutsche Bank National Trust Company, as Trustee for
               GSAA Home Equity Trust 2007-6 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-6
               bkyefile@rasflaw.com
              Maurice   Giro    on behalf of Interested Party Arthur   Slaght maurice@girolaw.com
              Maurice   Giro    on behalf of Creditor Arthur   Slaght maurice@girolaw.com
              Michael D Fitzgerald, I    on behalf of Interested Party    Monmouth County Sheriff's Office
               michael.fitzgerald@co.monmouth.nj.us
              Rebecca Ann Solarz    on behalf of Creditor    Deutsche Bank National Trust Company, as Trustee for
               GSAA Home Equity Trust 2007-6 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-6
               rsolarz@kmllawgroup.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
              William H. Oliver, Jr.    on behalf of Debtor Vanessa   Paramita bkwoliver@aol.com,
               R59915@notify.bestcase.com
                                                                                            TOTAL: 10
```